UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-CV-04368 DSR                                                    Date: August 6, 2026

Title   JUDITH GARCIA LOPEZ v. FERETI SEMAIA, ET AL.

Present: The Honorable:   Daniel S. Roberts, United States Magistrate Judge

|  L. Krivitsky  |  n/a  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
| :---: | :---: |
| None present | None present |

**Proceedings:**          (IN CHAMBERS) **ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (DOC NO. 7) WITHOUT PREJUDICE**

Petitioner filed her Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on August 4, 2026, alleging that Respondents are holding her in immigration detention in violation of the Constitution and laws of the United States by denying her a bail hearing under 8 U.S.C. § 1226(a) and instead classifying her as subject to mandatory detention under 8 U.S.C. § 1225(b). See Pet. (Doc. No. 1). She seeks in her Petition a writ directing Respondents to release her immediately from their custody, or, in the alternative, ordering Respondents to provide her a bond hearing under 8 U.S.C. § 1226(a). Id. Petitioner has voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. See Doc. No. 3.

On August 5, 2026, Petitioner filed an Ex Parte Application for Temporary Restraining Order seeking the same relief requested in the Petition. See Doc. No. 7. The Court finds the Ex Parte Application appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); Local Civil Rule 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").

CV-90 (03/15)                          Civil Minutes – General                          Page **1** of **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-CV-04368 DSR                                    Date: August 6, 2026

Title      JUDITH GARCIA LOPEZ v. FERETI SEMAIA, ET AL.

        Due to the influx of Petitions for Writs of Habeas Corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Central District of California has issued General Order No. 26-05.  See Doc. No. 5.  The General Order provides an expedited briefing schedule on petitions like Petitioner's.  Id. at ECF pp. 2, 5.  The General Order further provides that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."  Id. at ECF p. 5.

        Petitioner asserts that temporary injunctive relief is warranted because "[e]very additional day [she] remains incarcerated constitutes an irreparable deprivation of liberty," and "[b]y contrast, denying interim relief guarantees that Petitioner's constitutional injury will continue solely because judicial review necessarily requires time."  Ex Parte App. (Doc. No. 7) at ECF p. 4, lns. 18-19 and ECF p. 5, lns. 1-3.  Petitioner's counsel declares "Ex parte consideration is necessary because Petitioner remains detained at the Adelanto ICE Processing Center under 8 U.S.C. § 1225(b) despite having been arrested in the interior of the United States after approximately twenty-one years of continuous residence and despite never receiving the individualized custody determination required under 8 U.S.C. § 1226(a)."  Decl. of Frances Arroyo (Doc. No. 7-1) at ¶ 8.

        Such facts do not constitute an adequate showing of "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule" as required under the General Order.  See Doc. No. 5 at ECF p. 6.  As another court in this District has explained, "[i]f the generalized harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant an emergency TRO;" "a generalized claim of constitutional deprivation without specific, individualized exigency (e.g., a severe, untreated medical emergency) does not justify granting ultimate relief on an ex parte basis, especially given the expedited briefing schedule in General Order 26-05."  Haiyan Wang v. Warden, 5:26-cv-01595-DFM, Doc. No. 5 (C.D. Cal. Apr. 2, 2026); see also Bozoian v. Noem, No. 5:26-cv-1727-MWF-AYP, 2026 WL 1045662, at *1 (C.D. Cal. Apr. 13, 2026) ("Here, Petitioner has not alleged any irreparable harm that will result prior to the adjudication of the underlying Petition except for the same harms alleged in his Petition. If such alleged harms were sufficient to warrant emergency relief notwithstanding the standard scheduling order in General Order 26-05, the provisions of the General Order regarding the availability of TROs would effectively become moot.  Nor does Petitioner address in the Motion

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-CV-04368 DSR                                     Date: August 6, 2026

Title      JUDITH GARCIA LOPEZ v. FERETI SEMAIA, ET AL.


why immediate relief is warranted in spite of the standard scheduling order, as required by the General Order.  See General Order 26-05 at 3."); Argueta v. Secretary of Homeland Security, 5:26-cv-01687-JLS-E, Doc. No. 7 (C.D. Cal. Apr. 7, 2026) (denying TRO based on General Order 26-05); Chen v. Mullin, 5:26-cv-01684-MCS-PVC, Doc. No. 7 (C.D. Cal. Apr. 8, 2026) (similar).

While the Court does not discount the harm of each day of allegedly unlawful detention does to a person, the Court has before it a large number of habeas petitioners facing the same situation, and Petitioner here has not shown in her Ex Parte Application any reason why she should go to the head of that line.

Finally, Petitioner's counsel also asserts that "Petitioner also faces a continuing risk that Immigration and Customs Enforcement may transfer her to another detention facility without notice. Such a transfer could impair this Court's jurisdiction and ability to grant effective relief and would further disrupt counsel's ability to communicate with Petitioner and litigate this action."  Arroyo Decl. at ¶ 13.  This too, however, is address in General Order 26-05, which requires that during the pendency of this case, "the government shall provide at least two court days' notice to the petitioner, his or her counsel, and the Court of its intent to remove the Petitioner from the Central District of California."  Doc. No. 5 at ECF pp. 2, 6.  No such notice has yet been provided in this case.  If such notice is provided, Petitioner may then seek an emergency order temporarily blocking removal of Petitioner from this District in order to preserve the Court's ability to determine this Petition on the merits.  See Cal. Energy Comm'n v. Johnson, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."); see also Belbacha v. Bush, 520 F.3d 452, 455-56 (D.C. Cir. 2008) ("If a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction."); United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.").  On the current record, however, there is no showing of a need for such relief.

Therefore, the Ex Parte Application for Temporary Restraining Order is **DENIED** without prejudice.  An Order to Show Cause re Preliminary Injunction is unnecessary, as the Court has already ordered Respondents to show cause why the writ of habeas corpus should not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-CV-04368 DSR                                                    Date: August 6, 2026

Title        JUDITH GARCIA LOPEZ v. FERETI SEMAIA, ET AL.


be granted in an Answer to the Petition due no later than August 11, 2026.  See Doc. No. 5 at ECF pp. 1-2.  Petitioner's Reply is due no later than three days after the Answer is filed, after which the matter will stand submitted for final disposition.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | LK |