**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUDITH GARCIA LOPEZ,

      Petitioner,

  v.

FERETI SEMAIA, et al.,

      Respondents.

No. 5:26-cv-04368 DSR

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE**

**1.   INTRODUCTION AND PRCOCEDURAL BACKRGOUND**

On August 4, 2026, Petitioner Judith Garcia Lopez, a noncitizen who has been detained in Immigration and Customs Enforcement ("ICE") custody since May 10, 2026, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging her ongoing detention without a bond hearing under to 8 U.S.C. § 1226(a).  See Doc. No. 1.  The Petition names as Respondents the Warden of the ICE Detention Facility where Petitioner is presently detained, the Director of the Los Angeles Field Office of ICE, the Secretary of the United States Department of Homeland Security, and the United States Attorney General, each in his or her official capacity (collectively "Respondents").  Id.  Petitioner seeks relief in the form of a Writ of Habeas Corpus ordering her immediate release from immigration custody, or in the alternative, ordering Respondents to provide her with a prompt bond hearing pursuant to 8 U.S.C. § 1226(a).  Id., prayer ¶¶ a, d.

Concurrently with filing the Petition, Petitioner also voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment.  See Doc. No. 3.  The case thereafter became fully consented pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases.  See General Order 26-05 at Ex. "A" (Doc. No. 5); see also Doc. No. 11.

Also on August 4th, the Clerk of Court served the Petition on Respondents pursuant to General Order No. 26-05, along with a Notice of that General Order setting an expedited briefing schedule.  See Doc. No. 5.  On August 11th, Respondents filed their Answer to the Petition.  See Doc. No. 10.[1]  The Court has read and considered all papers filed by each side.  For the reasons discussed below, the Court **GRANTS** the Petition for Writ of Habeas Corpus and orders that Respondents immediately release Petitioner from immigration custody.

## 2.    FACTUAL BACKGROUND

According to the uncontested allegations in the verified Petition, Petitioner is a native and citizen of Mexico.  Pet. at ¶ 19.  She entered the United States without inspection in approximately May 2005, and since then has continuously resided in the United States.  Id.  Petitioner has no criminal history.  Id. at ¶ 2.  On or about May 10, 2026, Petitioner was arrested by ICE officers and transported to the Adelanto ICE Processing Center, where she remains detained.  Id. at ¶ 24.

On July 14, 2026, Petitioner requested a custody redetermination hearing pursuant to 8 C.F.R. § 1236.  Id. at ¶ 25.  Her request was denied by the Immigration Judge ("IJ") on the basis that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b) and the Immigration Judge lacked jurisdiction.

---

[1]    On August 5, 2026, Petitioner filed an Ex Parte Application for Temporary Restraining Order.  See Doc. No. 7.  The next day, the Court denied Petitioner's Ex Parte Application without prejudice because it did not demonstrate irreparable harm absent emergency injunctive relief in light of the expedited briefing schedule under the General Order.  See Doc. No. 8.

2

Id. at ¶ 25; Ex. "A" (Order of the Immigration Judge dated July 14, 2026).  Petitioner is presently in removal proceedings and does not have a final order of removal.  Id. at ¶ 4.

**3.    DISCUSSION**

**A.    Jurisdiction and Exhaustion of Administrative Remedies**

Habeas relief extends to those who can show they are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Although Congress has barred courts from reviewing certain discretionary decisions concerning detention or release of noncitizens subject to removal proceedings, see 8 U.S.C. §§ 1226(e), 1252(g), federal courts retain jurisdiction to "review related 'constitutional claims or questions of law.'"  Martinez v. Clark, 36 F.4th 1219, 1224 (9th Cir. 2022) (quoting Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011)), vacated on other grounds by ___ U.S. ___, 144 S. Ct. 1339, 218 L.Ed.2d 418 (2024).  A habeas petition filed by someone in immigration custody seeking an individualized bond hearing "falls within the 'core of habeas.'"  Doe v. Garland, 109 F.4th 1188, 1194 (9th Cir. 2024).

Habeas petitioners seeking relief under 28 U.S.C. § 2241 generally must first exhaust all available administrative remedies.  See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  However, because this requirement is "prudential" and not a "jurisdictional prerequisite," it is subject to waiver.  Id. at 1045-46; Arango Marquez v. INS, 346 F.3d 892, 897 (9th Cir. 2003) ("[T]he district court properly waived exhaustion, because the exhaustion requirement in § 2241 cases is prudential, rather than jurisdictional.").  Respondents argue in their Answer that "to the extent the instant Petitioner has not yet requested [] a bond hearing from the Immigration Court, the Petitioner has not yet properly exhausted their available administrative remedies, and their Petition is defective on that basis."  See Answer at 2:17-19.  Such argument does not apply in this case, as both the uncontested allegations set forth in the Petition and the Order of the Immigration Judge

3

attached thereto show that Petitioner <u>did</u> request a bond hearing, which the Immigration Judge denied based on a finding that he lacked jurisdiction.  <u>See</u> Pet. at ¶ 25; Ex. "A."  Petitioner has therefore exhausted the administrative remedies which Respondents contend are presently available to her.  Moreover, any appeal of the Immigration Judge's Order to the Board of Immigration Appeals would be futile in light of <u>Matter of Yajure Hurtado</u>, 29 I&N Dec. 216 (BIA 2025), which is the BIA's precedent underlying the IJ's jurisdictional ruling.  The Court therefore proceeds to consider the merits of the Petition

### B.    Petitioner is Entitled to a Bond Hearing Under 8 U.S.C. § 1226

Respondents have admitted in their Answer that "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to <u>Rodriguez Vasquez v. Bostock</u>, --- F.4th ---, 2026 WL 2196424 (9th Cir. 2026) (finding 'that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).')."  Answer at 2:3-7.  Thus, there is no dispute in this case that Petitioner is entitled – at least – to a bond hearing.

### C.    Immediate Release is Required to Afford Petitioner Complete Relief

Petitioner seeks more in this habeas case than just a bond hearing, however; she asks this Court to order her immediate release from immigration custody.  <u>See</u> Pet. (Doc. No. 1), prayer ¶ a.  While Respondents acknowledge Petitioner's entitlement to a bond hearing under <u>Rodriguez Vasquez</u>, they oppose her request for immediate release, arguing "to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under § 1226(a)."  Answer at 2:14-16.

<u>Rodriguez Vasquez</u> does not mark a substantive change in the law applicable to Petitioner, however, since the Immigration Judge denied her a bond hearing on July 15, 2026.  Even prior to the Ninth Circuit's July 30, 2026, decision in <u>Rodriguez Vasquez</u>, Petitioner was entitled to a bond hearing under <u>Maldonado Bautista v.</u>

4

Santacruz, No. 5:25-cv-1873 SSS (BFM), 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). There, the District Court entered a declaratory judgment "that class members 'are not subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)' and instead are 'entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge' pursuant to 8 U.S.C. § 1226(a)." Uriate v. Mullin, No. 5:26-cv-1474 MCS, 2026 WL 925724, at *2 (C.D. Cal. Apr. 2, 2026) (citing Maldonado Bautista, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025)).  That judgment, "remains in place as to the Central District of California."  See Ninth Cir. Mar. 6, 2026 Order in Maldonado Bautista v. D.H.S., No. 26-1044.  Based upon the uncontested facts in the Petition, Petitioner is clearly a member of the Class certified in Maldonado Bautista.  She entered the United States without inspection (Pet. at ¶ 19), was not apprehended upon arrival (id.), and has no criminal history or a final order of removal (id. at ¶¶ 2, 4) which would subject her to mandatory detention under § 1226(c) or § 1231.  Rodriguez Vasquez affirms that entitlement, as Respondents now acknowledge, but Petitioner was entitled to such a hearing under the judgment in Maldonado Bautista well before the Ninth Circuit handed down that decision.

Thus, when the Immigration Judge denied even to give Petitioner a bond hearing on July 14, 2026, that decision already conflicted with controlling law out of this Court.  In determining his "[l]ack of jurisdiction," however, the Immigration Judge cited to the Ninth Circuit's March 6, 2026, Order in the Maldonado Bautista appeal.  See Pet. at Ex. "A."  As noted above, that Order expressly did not stay application of the District Court's declaratory judgment in Maldonado Bautista to Petitioner.  What it did, however, is stay the District Court's subsequent Order in Maldonado Bautista vacating the BIA's decision in Matter of Yajure Hurtado, supra.  Thus, it appears that the Immigration Judge denied Petitioner a bond hearing because he was bound by the BIA's decision in Matter of Yajure Hurtado and its holding that Immigration Judges lack authority to consider bond for non-citizens in

Petitioner's situation because they are subject to mandatory detention under 8 U.S.C. § 1225.  See 29 I&N Dec. at 229.

In light of that decision by the Immigration Judge in this case (and similar decisions from Immigration Judges that this Court has seen in other similar cases) the Court finds that ordering a bond hearing in this case would be futile given the conflict between judicial precedent and BIA precedent.  Immigration Judges are presently in an impossible position.  One the one hand, the unstayed Judgment in Maldonado Bautista (buttressed by the Ninth Circuit's recent decision in Rodriguez Vasquez) requires that Petitioner and other class members like her be considered for bond under Section 1226(a), as discussed above.  On the other hand, because the vacatur of Matter of Yajure Hurtado is stayed, that BIA decision holding the exact opposite of the Judgment in Maldonado Bautista (and now Rodriguez Vasquez) remains also binding on the Immigration Judge.  The Immigration Judge therefore faces the no-win situation where no matter what he or she does, it will violate binding authority.

This Court is mindful that "[i]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court."  E. Bay Sanctuary Covenant v. Biden, 993 F.3d 640, 680 (9th Cir. 2021) (internal quotation marks omitted).  At the same time, the undisputed facts here demonstrate that ordering another bond hearing that complies with the Maldonado Bautista judgment, and the Rodriguez Vasquez decision (as Respondents propose), would be futile in light of the contrary administrative authority from the BIA.  Many courts in this District have recently reached the same conclusion.  See, e.g., Contreras v. Mullin, No. 5:26-cv-01502-AJR, 2026 WL 1679034, at *3 (C.D. Cal. Apr. 10, 2026) ("In light of the Ninth Circuit's administrative stay of the Maldonado Bautista court's February 18, 2026 Order vacating Matter of Yajure Hurtado, 29 I&N Dec. 216, 229 (BIA 2025), the Immigration Judge would be required to once again deny bond based on lack of

jurisdiction."); Kun v. Janecka, No. 5:26-cv-01280-DMG (AYP), 2026 WL 931541, at *5 (C.D. Cal. Apr. 3, 2026) ("To the extent immigration judges consistently invoke Hurtado as governing authority to deny bond in analogous cases, the Court is inclined to agree with Petitioner that ordering a Bautista section 1226(a) bond hearing as a remedial measure would likely be futile."); Procopio v. Mullin, No. 5:26-cv-01793-SP, 2026 WL 1045658, at *3 (C.D. Cal. Apr. 13, 2026) (finding that in light of continued reliance by immigration judges on Yajure Hurtado, ordering a bond hearing would likely be futile, and immediate release from custody is therefore necessary to provide complete relief to the habeas petitioner); Vega-Huerta v. Acting Director, U.S. Immigration and Customs Enforcement, No. 5:26-cv-2366-DTB, 2026 WL 1529239, at *3 (C.D. Cal. May 28, 2026) (same). Therefore, the Court concludes that under the circumstances of this case the only way to provide complete relief to the Petitioner, i.e., to end her unlawful detention – is to order her immediate release.

**4.     ORDER**

Based on the foregoing, the Court GRANTS the Petition for Writ of Habeas Corpus (Doc. No. 1) and orders as follows:

(A) Respondents shall immediately release Petitioner **JUDITH GARCIA LOPEZ (A-Number 2241-462-292)** from custody, subject to reasonable conditions of supervision; and

(B) within two Court days of the date of this Order, Respondents shall file a status report confirming Petitioner's release.

IT IS SO ORDERED.

DATED: August 12, 2026     _____

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE

7